Present: All the Justices

JOHN W. DRAPER, ET AL.

v.    Record No. 960761    OPINION BY JUSTICE ELIZABETH B. LACY
                                  January 10, 1997
PATRICIA PAULEY

IN THE CIRCUIT COURT OF ALBEMARLE COUNTY
Paul M. Peatross, Jr., Judge

In this appeal, we determine whether the signatures of the testator and subscribing witnesses to a testamentary document comply with the requirements of Code § 64.1-49.

Irene Draper and her brother lived with their niece Patricia Pauley and her family for a number of years. In March 1995, Draper was a patient at Martha Jefferson Hospital in Charlottesville. On March 1, Pauley, Alice Butler, Darlene Butler, and two children visited Draper at the hospital. During this visit, Draper indicated she wanted to execute a will. Tracy Collier, a hospital employee who was a notary public, was called to Draper's room. When she arrived, Collier wrote the following at the top of each of two blank pieces of paper:

This is to verify that the signature below is the true signature of Irene Draper.

This statement was followed by Draper's signature and Collier's attestation as notary public.

Draper then began to dictate her testamentary disposition of a house she owned. Pauley took the first piece of paper and, below Draper's notarized signature, transcribed Draper's statement that, if anything should happen to her, she wanted Pauley to have the house. When Pauley finished writing, she

read the document back to Draper, who stated that the document was exactly as she wanted it. Then Darlene Butler signed the document beside Collier's name.

Draper died on September 4, 1995. The clerk of the Albemarle County Circuit Court admitted the March 1, 1995 document to probate as a valid will. Draper's two sons, John W. and Charles E. Draper, appealed the clerk's order, alleging that the will was not valid. The trial court held that the clerk properly admitted the will to probate because the signatures of Draper, Butler, and Pauley met the attestation requirements of Code § 64.1-49. The trial court also held, however, that the signature of Collier did not qualify as that of a witness under the statute. Draper's sons filed an appeal. Pauley assigned cross-error challenging the trial court's determination that Collier did not qualify as a subscribing witness. Because we conclude that the March 1, 1995 document complied with the requirements of § 64.1-49 for a valid will, we will affirm the judgment of the trial court.

> Section 64.1-49 provides in relevant part:
> No will shall be valid unless it be in writing and signed by the testator . . . in such manner as to make it manifest that the name is intended as a signature; and moreover, unless it be wholly in the handwriting of the testator, the signature shall be made or the will acknowledged by him in the presence of at least two competent witnesses, present at the same time; and such witnesses shall subscribe the will in the presence of the testator, but no form of attestation shall be necessary.

The purpose of this statute is to prevent fraud, mistake, or the substitution of documents. It is not intended to place

restraints on the power to execute a will but to guard and protect that power. It should not be interpreted in a manner which imposes unnecessary difficulties that adversely affect the ability to exercise the power. Therefore, the statute should be given a fair and sound construction with "rigid insistence" on substantial compliance with its requirements. Robinson v. Ward, 239 Va. 36, 42, 387 S.E.2d 735, 738 (1990).

Draper's signature on the will in question satisfies the requirements of the statute, notwithstanding the fact that Draper signed it before the document contained the disposition of her property. There is no dispute that the signature is Draper's and that, following the transcription of the statement and its recitation back to her, Draper stated that the document was exactly as she wanted it. Under these circumstances, the signature was "intended as a signature" and the "will acknowledged" by Draper in the presence of "at least two competent witnesses" in satisfaction of the requirements for a valid will contained in § 64.1-49.

Likewise, at least two competent witnesses subscribed the will in the presence of the testator. All parties agreed that Darlene Butler's signature satisfied the statutory requirements. Pauley's signature was contained in the body of the document and was made when she was transcribing Draper's instruction that Pauley was to receive the house. The contestants' argument that subscription by a witness to the will in this manner is insufficient was addressed and answered in Robinson. In that case, the scrivener of the will wrote her

name as one of the legatees under the terms of the will; there was no separate signature of the scrivener.  Writing one's name in the body of the will was held to substantially comply with the statutory requirements for a subscribing witness because the scrivener/witness acted as a witness to the execution of the will by the testator, was present when a second witness subscribed to the will, and the transaction was free of fraud.

 Id. at 44, 387 S.E.2d at 740.

    The facts in Robinson and this case are virtually identical, and the holding in Robinson is applicable here. There are no suggestions of fraud or duress.  Pauley wrote her name in the body of the will, witnessed the execution and preparation of the will by the testator and, in the presence of the testator, witnessed the subscription of the will by the other witness, Butler.  Under these circumstances, Pauley, like the witness/scrivener in Robinson, was a subscribing witness to Draper's will within the meaning of § 64.1-49.  Therefore, the trial court was correct in holding that the will was properly admitted to probate.[*]

    Accordingly, we will affirm the judgment of the trial court.

Affirmed.

JUSTICE KOONTZ, with whom CHIEF JUSTICE CARRICO joins, dissenting.

    I respectfully dissent.  In my view, the facts of this case

---

[*]In light of this holding, we need not reach the issue presented in the assignment of cross-error.

give rise to the same concerns for the application of Code § 64.1-49 that were expressed by the dissent in <u>Robinson v. Ward</u>, 239 Va. 36, 45, 387 S.E.2d 735, 740 (1990). For the reasons stated more fully there, I would reverse the judgment of the trial court.