Present:   All the Justices

HAMPTON ROADS SEVENTH-DAY
ADVENTIST CHURCH
                    OPINION BY CHIEF JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 070401          February 29, 2008

ORA STEVENS, ET AL.

             FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                      Louis R. Lerner, Judge


     In this appeal, we consider whether a will was subscribed
by two witnesses as required by Code § 64.1-49.

     The procedural history of this case and the relevant
facts are simple and are not in dispute.  Cora Lee Watson
executed a will on March 12, 1996.  After she died, the
Hampton Roads Seventh-Day Adventist Church, a beneficiary
identified in the will, requested that the clerk of the
Circuit Court of the City of Hampton admit the will to probate
pursuant to Code § 64.1-77.  The clerk entered an order
denying the request to probate the will because "[t]he
purported will [was not] properly witnessed; to wit:  where
signatures of the witnesses should be, the names of the
witnesses are printed."

     Pursuant to Code § 64.1-78, the Church appealed the
clerk's order to the Circuit Court of the City of Hampton.
The Church also filed a memorandum of law in the circuit court
in support of its appeal.  Ora Stevens and Matthew Watson, the

testatrix' relatives (hereinafter "family members"), opposed the request to probate the will.  Matthew Watson was the sole residuary beneficiary under the will, but the Church was the beneficiary of several specific bequests and legacies under the will including the testatrix' home and substantial bank accounts.  If the will was valid, these specific bequests would reduce the value of the residuary estate to be distributed to Matthew Watson, who was also named as the personal representative in the will.

The following facts were adduced during an ore tenus hearing in the circuit court.  The testatrix signed a non-holographic document, entitled "Last Will and Testament of Cora Lee Watson," which consisted of five pages that were numbered one through five and included a self-proving affidavit on pages four and five of the will.

On page three of the will, the following paragraph appears that includes the testatrix' signature:

> "IN WITNESS WHEREOF, I have hereunto set my hand and seal to this, my Last Will and Testament, consisting of five pages, this 12 day of March, 1996."
>                                  "Cora L. Watson (Seal)"

The will contained designated spaces for witnesses to affix their signatures immediately below the above-referenced paragraph.  A notary public, who was present when the testatrix signed the will, printed the names of the three

witnesses in the designated spaces on page three of the will. The notary placed the address of each witness on page three of the will beside each witness' printed name, and each witness affixed his or her initials beside his or her address. The record does not reflect that the witnesses requested or directed the notary to print their names on the will.

The following paragraph appears on page 4 of the will:

"Before me, the undersigned authority, on this day, personally appeared Cora Lee Watson, Testator, Herbert N. Charles, Sr., Patricia A. Charles, and Thomas N. Boggess, known to me to be the Testator and the witnesses, whose names are signed to the attached or foregoing instrument and, all of these persons being by me first duly sworn, the Testator declared to me and to the witnesses in my presence that said instrument is Testator's Last Will and Testament and that Testator had willingly signed and executed it in the presence of said witnesses as Testator's free and voluntary act for the purposes therein expressed; that said witnesses stated before me that the foregoing Will was executed and acknowledged by the Testator as Testator's Last Will and Testament in the presence of said witnesses who, in Testator's presence and at Testator's request, and in the presence of each other, did subscribe their names thereto as attesting witnesses on the day of the date of said Will, and that the Testator, at the time of the execution of said Will, was over the age of 18 years and of sound and disposing mind and memory."

"Cora L. Watson"
"Testator"
"Herbert N. Charles, Sr."
"Witness"
"Patricia A. Charles"
"Witness"
"Thomas N. Boggess"
"Witness"

3

The testatrix and each witness, Herbert Charles, Patricia Charles, and Thomas Boggess, signed their names immediately below this paragraph on page four of the will.

Herbert Charles testified that he recognized the will as the Last Will and Testament of Cora Watson and that he was present when she placed her signature on the will. When Mr. Charles placed his signature on page four of the will, which was also the self-proving affidavit, he did so in the testatrix' presence, and he intended to act as a witness when she affixed her signature on the will.

Patricia Charles also testified that she was present when the testatrix signed the will. When Ms. Charles signed her name on page four of the will, she did so in the presence of the testatrix and the other witnesses, and she intended to act as a witness when the testatrix affixed her signature to the will. No attorney was present when the will was executed. The record does not reflect any testimony was received from the third witness, Thomas Boggess.

The circuit court held that the will was not subscribed as required by Code § 64.1-49 and entered an order consistent with its opinion. The Church appeals.

The Church argues that the circuit court erred by failing to admit the testatrix' will to probate. The Church contends that the testatrix' will consisted of five pages, that the

4

self-proving affidavit was one of the five pages that constituted the will, that two witnesses signed their names below the testatrix' name on the self-proving affidavit, and, thus, that the witnesses' signatures there constitute a subscription that satisfies the requirements of Code § 64.1-49.

Responding, the family members argue that the Church failed to argue in the circuit court that the witnesses complied with the requirements of Code § 64.1-49 and, thus, cannot assert that contention in this Court. Continuing, the family members assert that the testatrix' will consists of three pages and that the requirements of Code § 64.1-49 were not satisfied within those pages and, hence, the will was not subscribed within the meaning of that statute. We disagree with the family members.

Initially, we reject the family members' contention that the Church failed to argue in the circuit court that the will was subscribed within the meaning of Code § 64.1-49. Our review of the record reveals that the Church presented this issue to the circuit court.

Code § 64.1-49 states in relevant part:

"No will shall be valid unless it be in writing and signed by the testator, or by some other person in his presence and by his direction, in such manner as to make it manifest that the name is intended as a signature; and moreover, unless it be wholly in

the handwriting of the testator, the signature shall be made or the will acknowledged by him in the presence of at least two competent witnesses, present at the same time; and such witnesses shall subscribe the will in the presence of the testator, but no form of attestation shall be necessary. If the will be wholly in the handwriting of the testator that fact shall be proved by at least two disinterested witnesses."

The litigants agree that the will is non-holographic and, thus, Code § 64.1-49 requires that the testatrix, Cora Watson, sign and acknowledge the will in the presence of at least two competent witnesses. This requirement was satisfied and is not an issue in this appeal. The litigants disagree, however, whether the will was subscribed by two witnesses in the presence of the testator as also required by Code § 64.1-49.

In Robinson v. Ward, 239 Va. 36, 41-42, 387 S.E.2d 735, 738 (1990), we discussed the rationale for the subscription requirement contained in Code § 64.1-49:

"The purpose of the statute in requiring subscription of a will by competent witnesses in the presence of the testator is to prevent fraud, deception, mistake, and the substitution of a surreptitious document. Ferguson v. Ferguson, 187 Va. 581, 591, 47 S.E.2d 346, 352 (1948). These requirements, however, 'are not intended to restrain or abridge the power of a testator to dispose of his property. They are intended to guard and protect him in the exercise of that power.' French v. Beville, 191 Va. 842, 848, 62 S.E.2d 883, 885 (1951). The safeguards of the statute 'are not designed to make the execution of wills a mere trap and pitfall, and their probate a mere game.' Bell v. Timmins, 190 Va. 648, 657, 58 S.E.2d 55, 59 (1950)."

6

Accord Draper v. Pauley, 253 Va. 78, 80, 480 S.E.2d 495, 496 (1997). Additionally, the witnesses' subscription establishes and proves that the testator's signature is genuine. Ferguson, 187 Va. at 591, 47 S.E.2d at 352.

Even though the requirements in Code § 64.1-49 must be strictly followed, the statute must not be construed in a manner that would "increase the difficulty of the transaction to such an extent as to practically destroy" an uninformed layperson's right to dispose of property by will. Savage v. Bowen, 103 Va. 540, 546, 49 S.E. 668, 669-70 (1905).

In French v. Beville, we applied former Code § 64-51, which is the precursor of, and identical to, Code § 64.1-49. We stated: "The literal meaning of the word 'subscribe,' as used in the statute, is 'to write underneath; sub, under; scribere, to write.' " 191 Va. at 850, 62 S.E.2d at 886.

Applying these principles to the facts in the present case, we conclude that the testatrix' will was subscribed in a manner prescribed by Code § 64.1-49. As we have already stated, on page three of the will, she specified that her last will and testament consisted of five pages. The testatrix signed her name below the statement that described the number of pages contained in her will. On the next page of her will, page number four, the testatrix signed the self-proving affidavit, which, in this instance, is a part of her will.

7

Herbert Charles and Patricia Charles placed their signatures below the testatrix' signature on that page. The placement of their signatures on page four of the will below the testatrix' signature satisfies the statutory requirement of subscription contained in Code § 64.1-49. Additionally, we note there is absolutely no evidence of fraud in the record before this Court, and the record is clear that the will consisted of five pages, including the self-proving affidavit on pages four and five.

In view of our holding, we need not consider the litigants' other contentions. Accordingly, we will reverse the judgment of the circuit court, and we will remand this case to the circuit court for the entry of an order that Watson's will was subscribed in the manner prescribed by Code § 64.1-49.[*]

---

[*] We recognize that Code § 64.1-49.1, which became effective July 1, 2007, states in part:

> "Although a document, or a writing added upon a document, was not executed in compliance with § 64.1-49 the document or writing shall be treated as if it had been executed in compliance with § 64.1-49 if the proponent of the document or writing establishes by clear and convincing evidence that the decedent intended the document or writing to constitute (i) the decedent's will, (ii) a partial or complete revocation of the will, (iii) an addition to or an alteration of the will, or (iv) a partial or complete revival of his formerly revoked will or of a formerly revoked portion of the will."

Reversed and remanded.

---

        We do not, and we need not, consider the effect, if any, this statute has upon the legal issues presented in this appeal.